[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-16336
Non-Argument Calendar
_____

D. C. Docket No. 05-14082-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDERICK L. JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 8, 2008)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Frederick L. Jones was convicted in the Southern District of Florida on all

three counts of an indictment: Counts One, possession with intent to distribute crack cocaine on July 6, 2005; Count Two, attempt to distribute crack cocaine on September 9, 2005;[1] Count Three, possession by a previously convicted felon of a firearm and ammunition.[2] Jones was sentenced to three concurrent prison terms of 300 months. He now appeals his Count Three conviction, contending that the evidence was insufficient to convict. He argues that aside from his inculpatory statements that he owned the ammunition, the evidence did not prove the corpus delicti of any crime; thus, those statements could not support the conviction. He also argues that the only evidence linking him to the firearm was a utility bill in his name found next to the firearm, which was insufficient to prove constructive possession.

To support a conviction under 18 U.S.C. § 922(g)(1), the government must establish that: (1) the defendant knowingly possessed a firearm or ammunition; (2) the defendant was previously convicted of an offense punishable by a term of imprisonment exceeding one year; and (3) the firearm or ammunition was in or affecting interstate commerce. United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008). "Possession may be actual or constructive, joint or sole." United

---

[1] Counts One and Two charged violations of 21 U.S.C. § 841(a).

[2] See 18 U.S.C. § 922(g)(1), 924(e)(1).

2

States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004).  To establish constructive possession, evidence must demonstrate that the defendant exercised ownership, dominion, or control over the firearm or ammunition, or the property concealing the firearm or ammunition.  Id.

"[A] conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused."  Wong Sun v. United States, 371 U.S. 471, 488-89, 83 S.Ct. 407, 418, 9 L.Ed.2d 441 (1963).  In Opper v. United States, 348 U.S. 84, 92, 75 S.Ct. 158, 164, 99 L.Ed. 101 (1954), the Supreme Court considered two inconsistent approaches to the requirement that an admission be supported by corroborating evidence.  We described these approaches in United States v. Micieli, 594 F.2d 102, 108 (5th Cir. 1979), thusly:

> The first approach required extrinsic proof of the corpus delicti, that is, that there be independent evidence that the harm or injury occurred and had a criminal origin.  The second approach required only that there be extrinsic evidence of a corroborative nature establishing the credibility of the admission.  The Supreme Court opted for the second approach in Opper.

Thus, "[t]he corroboration need not be sufficient, independent of the [accused's] statements, to establish the corpus delicti."  United States v. Evans, 572 F.2d 455, 476 (5th Cir. 1978) (citing Opper).[3]

---

[3] "[T]he phrase 'corpus delicti' includes but two elements: first, the fact of an injury or loss; and secondly, the fact of somebody's criminality as the cause of the injury or loss." Roberts v. United States, 416 F.2d 1216, 1222 (5th Cir. 1969).

Still, when the government relies on an accused's statement to support a conviction, independent evidence must corroborate the statement by establishing its "truth, trustworthiness and reliability." Micieli, 594 F.2d at 109. If independent evidence corroborates the statement in this way, the corroborated statement alone may prove the elements of the offense that are not proven by other evidence. Id.

We conclude that the evidence was sufficient evidence to support Jones's conviction for being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). Jones stipulated to the second and third elements of the offense; hence, only the first element, possession, is at issue in this appeal.

First, evidence showed that Jones possessed all the ammunition charged in the indictment. He admitted to law enforcement officers on multiple occasions that he owned the ammunition, and the jury was entitled to infer that element on the basis of his denial of possession at trial. His corpus delicti argument must fail because independent evidence sufficiently corroborated the truthfulness of his admissions, and such evidence was not required to prove the corpus delicti.

Second, sufficient evidence demonstrated that Jones constructively possessed the firearm found at the house where he was staying. The firearm was found next to a utility bill for the house in his name, and he admitted to law

4

enforcement officials that he owned other items found in the room where the firearm was located. Finally, the jury was entitled to infer Jones's knowing possession of the firearm based on his blanket denial before the jury of knowledge or possession of the firearm.

**AFFIRMED.**